**DAVENPORT BANK AND TRUST COMPANY, Appellant,**

v.

**IOWA DEPARTMENT OF REVENUE AND FINANCE, Appellee.**

No. 89–833.

Supreme Court of Iowa.

June 20, 1990.

James A. Mezvinsky, Peter J. Benson, and John D. DeDoncker of Lane & Waterman, Davenport, for appellant.

Thomas J. Miller, Atty. Gen., Harry M. Griger, Sp. Asst. Atty. Gen., and Marcia Mason, Asst. Atty. Gen., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, SCHULTZ, CARTER and LAVORATO, JJ.

CARTER, Justice.

The appellant, Davenport Bank and Trust Company (the bank) challenges the district court's order upholding the amount of franchise taxes assessed for the years 1982–85 inclusive. This judicial proceeding is for review of agency action as provided in Iowa Code section 17A.19 (1987). The respondent in the district court and appellee in this court is the Iowa Department of Revenue and Finance (the agency).

The bank argues that a portion of the franchise tax imposed by the agency for the years in question was (a) improperly imposed under applicable Iowa statutes, (b) precluded by applicable federal statutes, and (c) imposed in violation of the equal protection clause of the fourteenth amendment to the federal constitution and the "uniform operation" clause of the Iowa Constitution. Because we agree with the bank's statutory interpretation argument based on the Iowa statutes which impose the franchise tax, we need not consider its other contentions based on federal statutes and federal or state constitutional provisions.

The bank is an Iowa financial institution subject to the franchise tax imposed by section 422.60. It filed franchise tax returns for the years 1982–85 inclusive. In March 1987, following an audit procedure, the agency assessed additional franchise taxes of $108,227 over and above the amounts reported and paid by the bank with respect to those returns. The additional franchise taxes thus assessed included the sum of $81,377.53 based on the agency's inclusion in the franchise tax base of the amount which the bank received during 1982–85 as interest on bonds issued by the government of Puerto Rico. That interest income had not been included in the franchise tax returns which the bank had filed.

The bank protested that portion of the additional franchise taxes imposed which was calculated on the interest income from the Puerto Rico bonds. This protest was determined by the agency under contested case procedure. The inclusion of the income from the Puerto Rico bonds in the bank's franchise tax base for 1982–85 was upheld in the decision of the administrative hearing officer. That decision was subsequently adopted by the agency's director as the final agency order in the case.

The bank's petition for judicial review challenging the inclusion of the Puerto Rico bond interest in its franchise tax base was heard by the district court on the stipulated agency record. That court upheld the agency's determination that the Puerto Rico bond interest was includable in the bank's franchise tax base. It is from that order that the present appeal is taken.

■ In reviewing agency action in which the dispute involves the agency's interpretation of a controlling statutory provision, the issue falls under subsection (a) of Iowa Code section 17A.19(8) (1987) (whether agency has violated statutory provision). In appeals from district court decisions upholding the agency's interpretation of a statute, our task is to determine whether the district court's view as to the meaning of the statute accords with our own interpretation. *Iowa Auto Dealers Ass'n v. Iowa Dep't of Revenue*, 301 N.W.2d 760, 762 (Iowa 1981); *see also Hy–Vee Food Stores, Inc. v. Iowa Dep't of Revenue*, 379 N.W.2d 37, 39 (Iowa App. 1985).

■ The franchise tax on financial institutions is established in Iowa Code section 422.60 (1987) which declares that

[a] franchise tax according to and measured by net income is hereby imposed on financial institutions for the privilege of doing business in this state as financial institutions.

For purposes of computing this tax, Iowa Code section 422.61(4) (1987) defines "net income" as:

[T]he net income of the financial institution computed in accordance with section 422.35, with the exception that interest and dividends from federal securities shall not be subtracted, no federal income taxes paid or accrued shall be subtracted, and notwithstanding the provisions of sections 262.41 and 262.51 or any

other provisions of the law, income from obligations of the state and its political subdivisions and any amount of franchise taxes paid or accrued under this division during the taxable year shall be added.

The bank focuses on the words "computed in accordance with section 422.35" as used in section 422.61(4) and asserts that net income computed in accordance with section 422.35 would not include interest paid on the obligations of the government of Puerto Rico. Section 422.35 provides, in part, as follows:

The term "net income" means the taxable income before the net operating loss deduction, as properly computed for federal income tax purposes under the Internal Revenue Code of 1954, with the following adjustments:

1. Subtract interest and dividends from federal securities.

2. Add interest and dividends from foreign securities and from securities of state and other political subdivisions exempt from federal income tax under the Internal Revenue Code of 1954.

The bank argues that the interest income from the Puerto Rico bonds is not includable in income before net operating loss deduction under the Internal Revenue Code of 1954 because the Puerto Rico obligations are exempt from the federal income tax.[1] The agency does not dispute that the bond interest is exempt from the federal income tax.[2] It urges, however, that under section 422.61(4) the measure of the franchise tax base is not strictly tied to net income computed in accordance with the incorporated federal income tax base of section 422.35 because certain exceptions to the section 422.35 computation are specified in section 422.61(4). These exceptions, according to the agency's argument, include the provision that interest and dividends from feder-

---

**1.** This exemption is created by 48 U.S.C. § 745 which provides that bonds issued by the government of Puerto Rico shall be exempt from taxation by the government of the United States or by any state. The agency's regulations recognize this exemption with respect to the Iowa income tax. *See* 701 Iowa Admin. Code 40.2.

**2.** The hearing officer's decision which was adopted as the final agency order disputed the

exempt status of the bond interest with respect to both federal and state income taxation. The district court found that the bond interest was exempt from both federal and state income taxation by virtue of 48 U.S.C. § 745. The agency now concedes for purposes of this appeal that the bond interest is exempt under that statute.

al securities "shall not be subtracted." The agency contends that for purposes of section 422.61(4) the definition of federal securities includes interest derived from obligations of the United States and its possessions, agencies and instrumentalities including the government of Puerto Rico.

■ The agency's argument does not in our view track with the language of section 422.61(4) and section 422.35. In interpreting taxing statutes, we have said that it must appear from the language of the statute that the tax which has been assessed against a particular taxpayer "was clearly intended." *Iowa Auto Dealers*, 301 N.W.2d at 762. This is particularly true, we believe, where we are dealing with a statute which establishes a step-by-step procedure to be followed in order to produce a taxable consequence.

The clear import of section 422.61(4) and section 422.35, as they interrelate in computing the franchise tax, is that net income is to be computed in accordance with section 422.35 except for those steps in the section 422.35 computation process which section 422.61(4) seeks to alter or omit. Adherence in the present case to the "computed in accordance with section 422.35" language leads to the conclusion that interest on the Puerto Rico bonds was not includable in "the income before net operating loss deduction, as properly computed for federal income tax purposes under the Internal Revenue Code of 1954." This conclusion is mandated, we believe, by 48 U.S.C. section 745.

Under the section 422.35 computation, the subtraction of interest and dividends from federal securities is only triggered when income from federal securities not subject to Iowa tax has been included in income before net operating loss deduction for federal income tax purposes. Because in the present case the Puerto Rico bond interest was not taxable under the federal income tax laws, the next step in the section 422.35 computation process, *i.e.*, subtraction of interest and dividends from federal securities, is rendered inoperative. The provisions in section 422.61(4) purporting to alter or omit that step from the calculation process are also rendered inoperative. These two negatives do not produce a positive.

We are also persuaded that the second subsection of the section 422.35 computation pertaining to the adding of interest and dividends from securities of state and other political subdivisions does not aid the agency's conclusion that the Puerto Rico bond interest is includable in calculating the bank's franchise tax. The aim of the second subsection of section 422.35 is, we believe, to include for Iowa income tax purposes that interest which is exempt from federal income taxation but not exempt from Iowa income taxation. The agency's own regulations recognize that the Puerto Rico bond interest is also exempt from the Iowa income tax. *See* 701 Iowa Admin. Code 59.5. We cannot attribute to the legislature an intent to include within the Iowa income tax under section 422.35 that which is exempted from state taxation by federal law.

We hold that the Puerto Rico bond interest is not includable in the net income of the financial institution computed in accordance with those provisions of section 422.35 which are incorporated under section 422.61(4). Consequently, we find the district court erred in upholding the agency order including interest from the Puerto Rico bonds in the base upon which the bank's franchise tax was computed. The judgment of the district court is reversed. The case is remanded to the agency with directions that its decision be amended to exclude the Puerto Rico bond interest in the computation of the franchise tax owed by the bank for the years involved.

REVERSED AND REMANDED.